UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ISLAM F. CHOWDHURY, et al.,

                                                                                                                               **MEMORANDUM**

                                **Plaintiffs,**                                                              **AND ORDER**

                          -against-                                                                         **13-CV-2537 (RJD)**

SAUDI ARABIAN AIRLINES,

                                **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        Currently pending before this Court is plaintiffs' motion to remand this tort action, against Saudi Arabian Airlines ("SAA" or "defendant"), to state court. See Motion to Remand to State Court (May 17, 2013) ("Motion to Remand"), Electronic Case Filing Docket Entry ("DE") #8.[1] SAA, which claims to be a "foreign state," removed the action from state court on the basis of the Foreign Sovereign Immunities Act ("FSIA"). See Notice of Removal (Apr. 26, 2013) ¶ 2, DE #1. Plaintiffs challenge SAA's entitlement to remove the case under 28 U.S.C. § 1441(d), on that ground that SAA is not a foreign state within the meaning of 28 U.S.C. § 1603. See Motion to Remand at 1. For the reasons that follow, plaintiffs' motion is denied.

## DISCUSSION

        For purposes of removal and subject matter jurisdiction, the term "foreign state" includes

---

[1] Several days after filing the motion, plaintiffs wrote a letter to the undersigned magistrate judge, requesting a premotion conference and acknowledging that they had erred by filing their remand motion without first requesting a premotion conference. See Letter Requesting Premotion Conference (May 22, 2013), DE #9. However, because the disputed issue is so clearcut, the Court has opted to resolve the motion without a premotion conference.

an "agency or instrumentality of a foreign state," 28 U.S.C. § 1603(a), which in turn is defined as follows:

> An "agency or instrumentality of a foreign state" means any entity --
> (1) which is a separate legal person, corporate or otherwise, and
> (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
> (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b). Citing subsection (3) of section 1603(b), which incorporates the definition of "citizen" under 28 U.S.C. § 1332, plaintiffs contend that SAA is a "citizen of the State of New York because it is incorporated as Saudi Arabian Airlines Corporation at 80-02 Kew Gardens Rd, Ste 302, Kew Gardens, New York, 11415[,]" and therefore does not meet the definition of an "agency or instrumentality of a foreign state." Motion to Remand at 2-3.

As detailed in SAA's letter opposing the motion to remand, courts in this Circuit have "consistently acknowledged that [SAA] is a 'foreign state' within the meaning of the FSIA." Letter in Response to Plaintiffs' Pre-Motion Letter and Motion to Remand (May 28, 2013) at 2, DE #11 (collecting cases). Plaintiffs cite no cases or evidence to the contrary. Instead, plaintiffs simply reference their complaint, see Motion to Remand at 3, wherein they alleged, "[u]pon information and belief," that defendant was incorporated in New York State. See Complaint ¶ 2, DE #1-2. That allegation is denied in defendant's Answer, which asserts that SAA "is a foreign corporation duly organized and existing under the laws of the Kingdom of Saudi Arabia with its

principal place of business in Jeddah, Saudi Arabia, and does business in the State of New York." Answer ¶ 2, DE #4.  SAA's opposition to the pending motion substantiates its position with a sworn statement from the senior official of SAA in the United States.  See Declaration of Abdullah Al Huwaivi ¶ 3, DE #12-1. Furthermore, the public records of New York State Department of State, Division of Corporations, confirm that SAA is a "foreign business corporation."  See http://www.dos.ny.gov/corps/bus_entity_search.html (search "Saudi Arabian Airlines Corporation") (last visited May 31, 2013).[2]  Contrary to plaintiffs' assumption, the fact that SAA is authorized to do business in New York does not mean that it is incorporated in New York and therefore a citizen of New York.

Consequently, the Court is satisfied that SAA is an agency or instrumentality of a foreign state.  Plaintiffs' motion to remand the case to state court is therefore denied, as is plaintiffs' jurisdictional challenge.  See 28 U.S.C. § 1330(a) (FSIA vests federal district courts with original jurisdiction over actions against foreign states, as defined in section 1603(a)).

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Remand is denied. Any objections to this

---

[2]  The Court presumes that plaintiffs' "information and belief" that SAA is incorporated in New York is based on the fact that when plaintiffs caused service to be made on SAA through the New York State Department of State, pursuant to section 306 of New York's Business Corporation Law, the Department of State sent notice to SAA at the Kew Gardens address.  See DE #1-2 at 2.

Memorandum and Order must be filed with the Honorable Raymond J. Dearie by June 17, 2013, or will be deemed waived.

        **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
             **May 31, 2013**

                                      /s/ *Roanne L. Mann*

                                      **ROANNE L. MANN**
                                      **UNITED STATES MAGISTRATE JUDGE**